**MUSICK, PEELER & GARRETT LLP**
ATTORNEYS AT LAW
650 TOWN CENTER DRIVE, SUITE 1200
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE (714) 668-2400
FACSIMILE (714) 668-2490

David M. Lester (State Bar No. 119966)
  *d.lester@mpglaw.com*
Donald E. Bradley (State Bar No. 145037)
  *d.bradley@mpglaw.com*

Attorneys for Defendant PAR, INC. dba PAR NORTH AMERICA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KERRY KILE,<br><br>Plaintiff,<br><br>vs.<br><br>PAR, INC. dba PAR NORTH AMERICA, COASTLINE RECOVERY SERVICES, INC. and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 15-CV-05905 MWF (FFMx)<br><br>Hon. Michael W. Fitzgerald, Crtrm. 1600<br><br>**PAR, INC. DBA PAR NORTH AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant PAR, Inc. dba PAR NORTH AMERICA ("PAR") hereby answers the Complaint of Plaintiff KERRY KILE ("Plaintiff"), admitting, denying and averring, as follows:

## OPERATIVE FACTS

1.  PAR admits that Par North was not, and is not, a licensed repossession agency in California.  PAR avers Santander Consumer USA Inc. ("Santander") has

an executory contract with PAR North to forward repossession assignments to PAR's subcontracted repossessors, that Santander requested PAR's services with respect to the vehicle which is the subject of the complaint, and Par North referred the Santander's repossession request to Coastline Recovery Services Inc. ("Coastline") to conduct the physical taking of a vehicle. PAR avers that it lacks knowledge or information sufficient to form a belief as to the truth of the averments that Plaintiff purchased an automobile on credit, that Santander had no dealings with Coastline, and that Santander took a security interest in the vehicle and on that basis denies generally and specifically those averments. Except as expressly admitted or averred herein, PAR denies generally and specifically each and every other averment contained in paragraph 1 of the Complaint.

2. Answering paragraph 2 of the Complaint, PAR lacks knowledge or information sufficient to form a belief as to the truth of the averments contained therein and on that basis denies generally and specifically each and every averment contained in paragraph 2 of the Complaint.

3. Answering paragraph 3 of the Complaint, PAR avers that Plaintiff called PAR North. Except as expressly averred herein, PAR lacks knowledge or information sufficient to form a belief as to the truth of the other averments contained therein and on that basis denies generally and specifically each and every other averment contained in paragraph 3 of the Complaint.

4. Answering paragraph 4 of the Complaint, PAR lacks knowledge or information sufficient to form a belief as to the truth of the averments contained therein and on that basis denies generally and specifically each and every averment contained in paragraph 4 of the Complaint.

5. Answering paragraph 5 of the Complaint, PAR admits that Santander paid Par North and Par North paid Coastline. Except as expressly admitted herein, PAR denies generally and specifically each and every averment  contained in paragraph 5 of the Complaint.

6. Answering paragraph 6 of the Complaint, PAR admits that it never obtained a California repossession license. Except as expressly admitted herein, PAR denies generally and specifically each and every averment contained in paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. Answering paragraph 7 of the Complaint, PAR avers that the Plaintiff has pleaded subject matter jurisdictional requirements. Except as expressly averred herein, PAR is without knowledge or information sufficient to form a belief as to the truth of the other averments contained in paragraph 7, and on that basis denies each denies generally and specifically each and every other averment contained in paragraph 7.

8. Answering paragraph 8 of the Complaint, PAR admits the averments contained in paragraph 8 of the Complaint.

## PARTIES

9. Answering paragraph 9 of the Complaint, PAR lacks knowledge or information sufficient to form a belief as to the truth of the averments contained therein and on that basis denies generally and specifically each and every averment contained in paragraph 9 of the Complaint.

10. Answering paragraph 10 of the Complaint, PAR avers that it is an Indiana corporation, that it contracts via interstate commerce with both lenders and repossessors in the State of California, and that it has not registered as a foreign corporation in California. PAR denies that it is "doing business in" California. Except as expressly averred and denied herein, PAR denies generally and specifically each and every other averment contained in paragraph 10 of the Complaint.

11. Answering paragraph 11 of the Complaint, PAR lacks knowledge or information sufficient to form a belief as to the truth of the averments contained therein and on that basis denies generally and specifically each and every averment

contained in paragraph 12 of the Complaint.

12. Answering paragraph 12 of the Complaint, PAR lacks knowledge or information sufficient to form a belief as to the truth of the averments contained therein and on that basis denies generally and specifically each and every averment contained in paragraph 12 of the Complaint.

13. Answering paragraph 13 of the Complaint, PAR denies generally and specifically each and every averment contained in paragraph 13 of the Complaint.

## **FIRST CAUSE OF ACTION**

14. Answering paragraph 14 of the Complaint, PAR incorporates by reference its responses to paragraphs 1-13 of the Complaint.

15. Answering paragraph 15 of the Complaint, PAR admits that Plaintiff is a "consumer" who allegedly owed a "debt," and Defendants use instrumentalities of interstate commerce. Except as expressly admitted herein, PAR denies generally and specifically each and every other averment contained in paragraph 15 of the Complaint.

16. Answering paragraph 16 of the Complaint, PAR denies generally and specifically each and every averment contained in paragraph 16 of the Complaint.

17. Answering paragraph 17 of the Complaint, PAR denies generally and specifically each and every averment contained in paragraph 17 of the Complaint.

18. Answering paragraph 18 of the Complaint, PAR denies generally and specifically each and every averment contained in paragraph 18 of the Complaint.

19. Answering paragraph 19 of the Complaint, PAR denies generally and specifically each and every averment contained in paragraph 19 of the Complaint.

20. Answering paragraph 20 of the Complaint, PAR denies generally and specifically each and every averment contained in paragraph 20 of the Complaint.

21. Answering paragraph 21 of the Complaint, PAR denies generally and specifically each and every averment contained in paragraph 21 of the Complaint.

/ / /

22. Answering paragraph 22 of the Complaint, PAR admits that Plaintiff seeks treble damages against Par North. Except as expressly admitted herein, PAR denies generally and specifically each and every other averment contained in paragraph 22 of the Complaint.

## SECOND CAUSE OF ACTION

23. Answering paragraph 23 of the Complaint, PAR incorporates by reference its responses to paragraphs 1-22 of the Complaint.

24. Answering paragraph 24 of the Complaint, PAR avers that Plaintiff has quoted the cited statutes. Except as expressly averred herein, PAR denies generally and specifically each and every other averment contained in paragraph 24 of the Complaint.

25. Answering paragraph 25 of the Complaint, PAR admits that "Debt" is defined under the Rosenthal Act to mean "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person." Civil Code § 1788.2(d). PAR further admits that Plaintiff is a natural person. Except as expressly admitted herein, PAR is without knowledge or information sufficient to form a belief as to the truth of the other averments contained in paragraph 25, and on that basis denies generally and specifically each and every other averment contained in paragraph 25.

26. Answering paragraph 26 of the Complaint, PAR denies generally and specifically each and every averment contained in paragraph 26 of the Complaint.

27. Answering paragraph 27 of the Complaint, PAR denies that it violated Civil Code § 1788.10(a) by using criminal means to cause harm to the property of Plaintiff nor did it violate Bus. & Prof. Code § 7502.1(a) and commit a misdemeanor by engaging in unlicensed activity in violation of Bus. & Prof. Code § 7502. PAR lacks knowledge or information sufficient to form a belief as to the truth of the other averments contained therein and on that basis denies generally and specifically each and every other averment contained in paragraph 27 of the

Complaint.

28. Answering paragraph 28 of the Complaint, PAR lacks knowledge or information sufficient to form a belief as to the truth of the averments contained therein and on that basis denies generally and specifically each and every averment contained in paragraph 28 of the Complaint.

29. Answering paragraph 29 of the Complaint, PAR lacks knowledge or information sufficient to form a belief as to the truth of the averments contained therein and on that basis denies generally and specifically each and every averment contained in paragraph 29 of the Complaint.

30. Answering paragraph 30 of the Complaint, PAR denies generally and specifically each and every averment contained in paragraph 30 of the Complaint.

31. Answering paragraph 31 of the Complaint, PAR denies generally and specifically each and every averment contained in paragraph 31 of the Complaint.

32. Answering paragraph 32 of the Complaint, PAR denies generally and specifically each and every averment contained in paragraph 32 of the Complaint.

33. Answering paragraph 33 of the Complaint, PAR denies generally and specifically each and every averment contained in paragraph 33 of the Complaint.

34. Answering paragraph 34 of the Complaint, PAR admits that Plaintiff seeks treble damages against Par North. Except as expressly admitted herein, PAR denies generally and specifically each and every other averment contained in paragraph 34 of the Complaint.

## **THIRD CAUSE OF ACTION**

35. Answering paragraph 35 of the Complaint, PAR incorporates by reference its responses to paragraphs 1-34 of the Complaint.

36. Answering paragraph 36 of the Complaint, PAR denies generally and specifically each and every averment contained in paragraph 36 of the Complaint.

37. Answering paragraph 37 of the Complaint, PAR admits that Plaintiff seeks civil fines of $10,000 and an injunction against Par North. Except as

expressly admitted herein, PAR denies generally and specifically each and every other averment contained in paragraph 37 of the Complaint.

38. Answering paragraph 38 of the Complaint, PAR admits that Plaintiff seeks treble damages and attorneys' fees and costs against Par North. Except as expressly admitted herein, PAR denies generally and specifically each and every other averment contained in paragraph 38 of the Complaint.

## PRAYER FOR RELIEF

39. PAR denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE AND OTHER DEFENSES

40. PAR asserts the following affirmative and other defenses, which it designates, collectively, as "affirmative defenses." PAR's designation of its defenses as "affirmative" is not intended in any way to alter Plaintiff's burden of proof with regard to any element of its claims for relief. Defendant incorporates (as if fully set forth therein) this express denial each and every time it references "Plaintiff."

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

41. The Complaint, and each and every count averred therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

42. While PAR denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, PAR is informed and believes, and based thereon avers that Plaintiff has failed to mitigate any purported damages that Plaintiff has allegedly suffered and further avers that, to the extent any damages could have been mitigated, such sums should be deducted from the alleged damages.

/ / /

## THIRD AFFIRMATIVE DEFENSE
### (Statute of Limitations)

43. PAR is informed and believes, and based thereon avers, that the Complaint, or portions thereof, is barred by the applicable statute of limitations. (Cal. Civ. Proc. Code § 338; Cal. Civ. Code § 1788.30(f); 15 U.S.C. § 1692k(d).)

## FOURTH AFFIRMATIVE DEFENSE
### (Laches)

44. PAR is informed and believes and based thereon avers that the Complaint, or portions thereof, is barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

45. PAR is informed and believes and based thereon avers that Plaintiff is estopped by her own actions and course of conduct from pursuing her claims in the Complaint and in each purported count contained therein.

## SIXTH AFFIRMATIVE DEFENSE
### (Vicarious Liability)

46. Even assuming the alleged misconduct occurred, the repossession agency was acting outside the course and scope of its agency.

## SEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

47. PAR is informed and believes and based thereon avers that to the extent Plaintiff seeks equitable relief, Plaintiff's inequitable conduct constitutes unclean hands and therefore bars claims in the Complaint and in each purported count contained therein.

## EIGHTH AFFIRMATIVE DEFENSE
### (Cure)

48. PAR is informed and believes and based thereon avers that to the extent Plaintiff avers that the Rosenthal Act was violated, such violation was cured with

respect to Plaintiff.

## NINTH AFFIRMATIVE DEFENSE
### (Purported Rosenthal Act Violation Unintentional)

49. PAR is informed and believes and based thereon avers that to the extent Plaintiff avers that the Rosenthal Act was violated, any such violation was not intentional and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid such violation.

## TENTH AFFIRMATIVE DEFENSE
### (Good Faith)

50. PAR is informed and believes and based thereon avers that it acted lawfully and within its legal right, with a good faith belief in the exercise of its rights and in furtherance of a legitimate business purpose, and that its actions were justified and reasonable under circumstances based on the information available.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

51. PAR avers that Plaintiff lacks standing to bring her claim as to all or a portion of the claims averred in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE
### (Penalties)

52. PAR is informed and believes and based thereon avers that to the extent that Plaintiff claims penalties such claims must comport with the due process requirements of *State Farm v. Campbell,* 538 U.S. 408 (2003) and subsequent case law regarding the same issue.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Adequate Remedies at Law)

53. PAR avers that Plaintiff is not entitled to equitable relief insofar as she has adequate remedies at law.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Dormant Commerce Clause)

54. The Complaint, and each of its claims for relief asserted therein, are barred because the relief sought would pose unreasonable barriers and substantial burdens on interstate commerce in violation of the dormant commerce clause.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Bus. & Prof. Code Section 7507.13)

55. The Complaint, and each of its claims for relief asserted therein, are barred by California Business and Professions Code Section 7507.13.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

56. If it is determined that PAR violated the FDCPA, any such violation was unintentional and the result of a bona fide error as defined in 15 U.S.C. § 1692k(c).

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Primary Jurisdiction)

57. Plaintiff's Complaint, or a portion of the claims for relief asserted therein, is barred in whole or in part because the California Bureau of Security and Investigative Services has primary jurisdiction over Plaintiff's claims for relief.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Indispensable Party)

58. Par avers that Plaintiff has failed to name or join an indispensable party to the present action, including but not limited to the State of California Bureau of Security and Investigative Services.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

59. PAR reserves the right to assert additional defenses that it may learn of through the course of discovery.

1  WHEREFORE, PAR respectfully requests that this Court deny the relief
2  requested in Plaintiff's Complaint, dismiss the action in its entirety, grant PAR its
3  costs of suit and expenses incurred herein, including reasonable attorneys' fees, and
4  order such other and further relief as the Court deems just.

6  DATED: October 8, 2015            MUSICK, PEELER & GARRETT LLP

                                     By:  ___*/s/ David M. Lester*___
                                          David M. Lester
                                          Attorneys for Defendant PAR, INC. dba
                                          PAR NORTH AMERICA

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 650 Town Center Drive, Suite 1200, Costa Mesa, CA 92626-1925.

On October 8, 2015, I served true copies of the following document(s) described as **PAR, INC. DBA PAR NORTH AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 8, 2015, at Costa Mesa, California.

*/s/ Cheryl*
Cheryl St. John

**SERVICE LIST**

Alexander B. Trueblood
TRUEBLOOD LAW FIRM
10940 Wilshire Boulevard, Suite 1600
Los Angeles, CA  90024
Phone:  (310) 443-4139
Fax:      (310) 943-2255
Email:  alec@hush.com;
atrueblood@pacernotice.com
*Attorneys for Plaintiff*