STEPHEN M. RINKA (SBN 219626)
**THE RINKA LAW FIRM**
433 N. Camden Drive, Suite 600
Beverly Hills, CA 90210
Telephone: (310) 556-9653
Facsimile: (310) 579-8768
Email: Stephen.rinka@gmail.com

Attorneys for Defendant
COASTLINE RECOVERY SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KERRY KILE;<br><br>        Plaintiff,<br><br>vs.<br><br>PAR, INC. dba PAR NORTH AMERICA, COASTLINE RECOVERY SERVICES, INC., and DOES 1 through 10, inclusive;<br><br>        Defendants. | Case No. 2:15–CV–05905-MWF-FFM<br><br>Hon. Michael W. Fitzgerald<br><br>**DEFENDANT COASTLINE RECOVERY SERVICES, INC.'S NOTICE OF JOINDER IN MOTION TO COMPEL ARBITRATION AND STAY ACTION; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF STEPHEN M. RINKA**<br><br>Date:         March 3, 2017<br>Time:        10:00 a.m.<br>Courtroom:  5A<br><br>Trial Date: September 26, 2017<br>Action Filed: August 5, 2015 |

PLEASE TAKE NOTICE that Defendant Coastline Recovery Services, Inc. ("Coastline") joins in the motion to compel arbitration and stay action (Docket Entry No. 41), pursuant to Federal Arbitration Act, 9 U.S.C., § 1, *et seq.* (the "FAA"), filed by Defendant PAR, Inc. dba PAR NORTH AMERICA ("PAR").

Coastline joins in the motion to compel arbitration and stay action for all the reasons set forth in the motion to compel, the memorandum of points and

authorities, the declaration of Donald E. Bradley, the declaration of Jeanah Park, the declaration of Blaine C. Kimrey and in Coastline's accompanying Memorandum of Points and Authorities and declaration of Stephen M. Rinka.

This Joinder is made after the conference of counsel pursuant to Local Rule 7-3, which took place on February 1st and 2nd, 2017.

Dated: February 3, 2017        THE RINKA LAW FIRM

By: _____/s/ Stephen M. Rinka_____
Stephen M. Rinka
Attorneys for Defendant,
COASTLINE RECOVERY
SERVICES, INC.

The Rinka Law Firm
433 N. Camden Drive, Suite 600
Beverly Hills, California 90210

DEFENDANT COASTLINE RECOVERY SERVICES, INC.'S
NOTICE OF JOINDER IN MOTION TO COMPEL
ARBITRATION AND STAY ACTION
CASE NO.: 15–CV–05905-MWF-FFM

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. PRELIMINARY STATEMENT

Defendant Coastline respectfully joins in the Motion to Compel Arbitration and Stay Action Pursuant to FAA 9 U.S.C. § 1, *et seq.* filed by Defendant PAR for all the reasons set forth in Moving Defendant's motion papers and supporting documents.

Plaintiff's claim against Coastline involves allegations of a wrongful repossession of a vehicle Plaintiff purchased pursuant to a Retail Installment Sale Contract ("RISC") she entered into with Santander Consumer Credit Inc. ("Santander"), a secured lender. Following Plaintiff's default on her vehicle loan payments, Coastline repossessed Plaintiff's vehicle. Plaintiff asserts a claim against Coastline for Violation of the Rosenthal Fair Debt Collection Practices Act.

Coastline is permitted to compel arbitration under the doctrine of equitable estoppel because (1) Plaintiff relies on the RISC in asserting her claims against Coastline and (2) Coastline has not waived its right to arbitration as Coastline did not learn of the arbitration clause until recently and Plaintiff will not be prejudiced if she is compelled to arbitrate.

Based on the foregoing as well as the reasons set forth in PAR's motion to compel arbitration and stay action, Coastline respectfully moves this court to compel Plaintiff to arbitration and stay these proceedings.

//
//
//
//
//
//

DEFENDANT COASTLINE RECOVERY SERVICES, INC.'S NOTICE OF JOINDER IN MOTION TO COMPEL ARBITRATION AND STAY ACTION
CASE NO.: 15-CV-05905-MWF-FFM

3

## II. LEGAL ARGUMENT

### A. Coastline Can Enforce the Arbitration Agreement under the Doctrine of Equitable Estoppel.

Coastline is entitled to enforce the arbitration agreement because Plaintiff is relying on the terms of the RISC in asserting its claim against Coastline. *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1128 (9th Cir. 2013). Simply put, Plaintiff's claim against Coastline would not exist without the RISC. Plaintiff admits that by signing the RISC, she purchased the vehicle "on credit," thereby making her a debtor and affording her protections under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). (Complaint ("Compl.") ¶ 1). Plaintiff seeks to claim the benefits of the RISC, by asserting that Coastline, a non-signatory to the RISC, failed to abide by the terms of the RFDCPA by requiring Plaintiff to pay a $150.00 fee and sign a waiver. (Compl. ¶¶ 28, 29). Accordingly, without Plaintiff's reliance on the RISC, she would not have any claim against Coastline under the RFDCPA.

Moreover, Plaintiff is attempting to assert the benefits of the RISC by claiming she is a debtor which placed certain burdens on Coastline when repossessing Plaintiff's vehicle, while simultaneously attempting to avoid the burdens of the RISC, by claiming that the arbitration provision does not apply.

In light of the fact that Plaintiff's claims against Coastline rely on the terms of the RISC and she is asserting benefits from the RISC, Plaintiff is estopped from avoiding the arbitration provision contained within the very contract upon which her claims rest.

### B. The Dispute Between Plaintiff and Coastline Falls Within the Scope of the Arbitration Agreement.

The dispute between Plaintiff and Coastline falls within the scope of the arbitration clause. Plaintiff's claim against Coastline arises out of or are related to the consumer credit sale and the purchase of the vehicle financed by the RISC.

DEFENDANT COASTLINE RECOVERY SERVICES, INC.'S
NOTICE OF JOINDER IN MOTION TO COMPEL
ARBITRATION AND STAY ACTION
CASE NO.: 15-CV-05905-MWF-FFM

4

(Compl. ¶ 1). Namely, Plaintiff's claim against Coastline is arises out of Coastline's repossession Plaintiff's vehicle, due to Plaintiff defaulting on the RISC. Moreover, Plaintiff's claim against Coastline constitutes a dispute based on "laws, regulations, ordinances, or other similar provisions." Accordingly, Plaintiff's claims against Coastline fall within the scope of the arbitration provision.

### C. Coastline has not Waived it Right Arbitrate.

Coastline did not know of its right to seek arbitration until recently because Plaintiff did not produce the RISC until her November 1, 2016 deposition. (Declaration of Stephen M. Rinka ("Rinka Decl.") ¶ 2). Furthermore, due to the fact that the RISC was produced at Plaintiff's deposition, Coastline's counsel did not have the time necessary during the deposition to review the RISC as Plaintiff produced numerous documents at her deposition. (Rinka Decl. ¶ 3).

It was only recently that Coastline's counsel became aware of the arbitration provision and now seeks to enforce said provision. (Rinka Decl. ¶ 4).

Furthermore, Coastline has not taken any action inconsistent with its right to arbitrate since receiving the RISC. Coastline's pre-litigation activities, which consist of written discovery and Plaintiff's deposition, occurred prior to discovery of the arbitration clause. Based on these reasons, Coastline has not waived its right to arbitrate.

//
//
//
//
//
//
//

DEFENDANT COASTLINE RECOVERY SERVICES, INC.'S
NOTICE OF JOINDER IN MOTION TO COMPEL
ARBITRATION AND STAY ACTION
CASE NO.: 15–CV–05905-MWF-FFM

5

## III. CONCLUSION

For all the reasons set forth in the Motion to Compel Arbitration and Stay Proceedings and in this Joinder, Coastline respectfully urges this Court to grant the motion to compel arbitration and stay proceedings for the entire action.

Dated: February 3, 2017                    THE RINKA LAW FIRM

By: /s/ Stephen M. Rinka
Stephen M. Rinka
Attorneys for Defendant,
COASTLINE RECOVERY
SERVICES, INC.

DEFENDANT COASTLINE RECOVERY SERVICES, INC.'S
NOTICE OF JOINDER IN MOTION TO COMPEL
ARBITRATION AND STAY ACTION
CASE NO.: 15–CV–05905-MWF-FFM

6

## DECLARATION OF STEPHEN M. RINKA

I, Stephen M. Rinka, hereby declare and state as follows:

1. I am an attorney at law and partner of The Rinka Law Firm. I am attorney of record for Defendant Coastline Recovery Services, Inc. I have personal knowledge of the facts set forth herein and if called as a witness, I could and would competently testify thereto under oath.

2. Counsel for PAR, Donald E. Bradley, noticed the deposition of Plaintiff, Kerry Kile for November 1, 2016. On the date of Plaintiff's deposition, Plaintiff's counsel produced documents, including a July 29, 2011 Retail Installment Security Contract ("RSIC"). This was the first time I had possession of this document.

3. Due to the fact that the RISC was produced at Plaintiff's deposition, I did not have the time necessary during the deposition to review the RISC as Plaintiff produced numerous documents at her deposition.

4. It was only recently that I became aware of the arbitration provision and now seeks to enforce said provision.

5. On February 1, 2017 at approximately 4:11 p.m. Pacific Time I advised Jeanah Park, counsel for Defendant PAR, Inc. that Coastline Recovery Services will be filing a joinder to PAR Inc.'s motion to compel arbitration and stay action. Ms. Park did not object.

6. On February 2, 2017 I advised Plaintiff's counsel, Alex Trueblood, that Coastline Recovery Services will be filing a joinder to PAR Inc.'s motion to compel arbitration and stay action. Mr. Trueblood stated that Plaintiff would not stipulate to arbitration and would be opposing the motion.

//
//
//
//

DEFENDANT COASTLINE RECOVERY SERVICES, INC.'S NOTICE OF JOINDER IN MOTION TO COMPEL ARBITRATION AND STAY ACTION
CASE NO.: 15-CV-05905-MWF-FFM

7

I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct.

Dated: February 3, 2017         /s/ Stephen M. Rinka
                                Stephen M. Rinka

The Rinka Law Firm
433 N. Camden Drive, Suite 600
Beverly Hills, California 90210

DEFENDANT COASTLINE RECOVERY SERVICES, INC.'S
NOTICE OF JOINDER IN MOTION TO COMPEL
ARBITRATION AND STAY ACTION
CASE NO.: 15–CV–05905-MWF-FFM

8

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and no a party to the within action. My business address is 433 N. Camden Drive, Suite 600, Beverly Hills, CA 90210.

On February 3, 2017, I served the foregoing documents entitled **DEFENDANT COASTLINE RECOVERY SERVICES, INC.'S NOTICE OF JOINDER IN MOTION TO COMPEL ARBITRATION AND STAY ACTION; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF STEPHEN M. RINKA; [PROPOSED] ORDER** on all interested parties in this action addressed and sent as follows:

Alexander B. Trueblood
TRUEBLOOD LAW FIRM
10940 Wilshire Blvd., Suite 1600
Los Angeles, CA 90024
Ph.: 310-443-4139
Fax: 310-943-2255
Email: alec@hush.com; atrueblood@pacerntoice.com

Blaine C. Kimrey
Jeanah Park
VEDDER PRICE
222 North LaSalle street
Chicago, IL 60601
Ph.: 312-609-7500
Fax: 312-609-500
Email: bkimrey@vedderprice.com
       jpark@vedderprice.com

Christopher R. Ramos
VEDDER PRICE
1925 Century Park East, Suite 1900
Los Angeles, CA 90067
Ph.: 424-204-7700
Fax: 424-204-7702
Email: cramos@vedderprice.com

Said document was electronically filed with the United States District Court, Central District of California, using the *CM/ECF* system. The Court's CM/ECF system will send an email notification of the foregoing filing to the parties and counsel of record who are registered with the Court's *CM/ECF* system in this matter.

☐ **(State)**: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **(Federal)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 3, 2017, at Beverly Hills, California.

/s/ Stephen M. Rinka
Stephen M. Rinka